### D. C. FREEMAN *v.* PETER KEOGH.

**Attachment for Rent—Improper Bond.**

Where an attachment for rent is issued, under the statute, a proper bond in compliance therewith, providing for damages in double the amount, shall be given. Any bond, not in conformity thereto, would deprive the defendant of his action for such damages.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 30, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By section 1, article 2, chapter 56, 2 Stant. Revised Statutes, 92, "Rent reserved in money may be recovered by distress, and rent reserved in money or *otherwise* may be recovered by action." And by section 5:

> "When any person who shall be liable to pay rent, whether the same be *due or not,* and whether the same be payable in money or *other thing,* if the rent be due in one year thereafter, intends to remove or is removing, or has, within fifteen days removed his property from the leased premises, the person to whom the rent is owing may, before a justice of the peace, or a judge of the county court of

the county in which the tenement lies, state on oath the facts aforesaid," etc., and obtain an attachment.

The action is secured by the first section when the rent is reserved *otherwise* than in money and the attachment is authorized by the fifth section when the rent is payable in *other thing* than money, which means when the tenant agrees to pay the stipulated price in anything of value other than money, or otherwise than in money, there can be but little doubt that a covenant to pay rents in the improvement of the place is as much within these provisions as an agreement to pay in money or property. Distress is only allowable for money rent, but attachment is authorized for all kinds of rent.

The rent of the leased premises by appellee to appellant was payable partly in money and partly in improvement, but it was all secured by express covenant and recoverable by attachment for good cause, which was averred and affidavit filed to establish it.

Besides the appellee gave his bond with security, undertaking

> "That Peter Keogh shall pay D. C. Freeman the sum of ninety-nine dollars and fifty cents, with ten per cent thereon, being the amount for which an attachment for rent was issued on the 2nd of January, 1869, in favor of said Freeman, and levied upon two pens of corn, valued at two hundred dollars by appraisement annexed thereto, if the property is of value of said rent, and if the property is of less value, then that said Peter Keogh shall pay the said D. C. Freeman the value thereof and ten per cent thereon."

This bond was evidently taken by the officer as a supposed compliance with section 721, Civil Code, but on examination it will be found to apply to *distress warrants,* and not to the landlord's attachment; and by section 722, defense to it is allowed only

> "Upon the ground that the distress was for rent not due in whole or part, or was otherwise illegal; or if property was levied upon, that it was by statute exempt from levy."

We have been unable to find any law authorizing such a bond on attachments for rent, but the remedy to the tenant in case of an improper attachment seems to be under section 30, of article

2, chapter 56, Revised States, for double damages to be recovered by action.

But however this may be the attachment was properly returnable to the circuit court, being for a sum over fifty dollars, and it was erroneous to dismiss it upon the defendant's demurrer, assigning for cause, that it was for unliquidated damages and because the statute only authorized an attachment when the rent was due and not paid; whereas, the statute authorizes it whether the rent be due or be not due, and whether the damages be liquidated or unliquidated. As the appraisement showed the property to be more than double the amount of the attachment, and though the defendant may not be estopped by this bond from contesting the amount of recovery, yet we apprehend the only defense that defendant is entitled to is to show that the amount of this rent was not due or to become due, in other words, not owing by him, in whole or part, or that there was no cause of attachment; and when the amount of the judgment in plaintiffs behalf is ascertained it may be that he can only resort to said bond as a common law and not statutory bond, but this need not now be decided, or it may depend on whether there really be any law authorizing such bond on attachment for rents.

Wherefore, for the error assigned, the judgment is reversed, with directions for further proceedings consitsent herewith.

*James,* for appellant.

*Rodman,* for apepllee.